[No. 14351.    Department Two.—August 3, 1891.]

## LYDIA A. DYKE ET AL., RESPONDENTS, v. BANK OF ORANGE ET AL., APPELLANTS.

JUDGMENT LIEN — FORM OF DOCKET ENTRY — DESIGNATION OF AMOUNT — LINE DISTINGUISHING DOLLARS FROM CENTS.— A statement of the amounts of a judgment entered in the judgment docket by placing the figures under the heading "Amount of judgment," one of the amounts being preceded by the word "costs," and the last two figures of each amount being separated from the others, in the manner usual in account-books, by a vertical red line separating dollars from cents, without any dollar-mark or other designation of money, is a sufficient statement of the amount of the judgment to create a lien under section 672 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of Orange County.

The facts are stated in the opinion.

*Ray Billingsley*, for Appellants.

The judgment was properly entered in the judgment docket. The writing of the figures as they appeared in the subcolumns was a clear, precise, and common method of stating amounts of dollars and cents, and the fact that neither the words "dollars" and "cents," nor the dollar and cent mark, were used does not invalidate the entry. (*De Lashmutt* v. *Sellwood*, 10 Or. 319; *In re Boyd*, 4 Saw. 262. See *Hibberd* v. *Smith*, 50 Cal. 511.)

*Charles S. McKelvey*, for Respondents.

The judgment lien is given by statute, and can be created only by conforming to the statute. The docket entries alone create the lien, and it must stand or fall by them. (*Harrison* v. *Manufacturing Co.*, 10 S. C. 278–295; *In re Boyd*, 4 Saw. 262.) A judgment cannot become a lien until it is properly docketed. (*Metz* v. *Bank*, 7 Neb. 165; *Miller* v. *Koertge*, 70 Tex. 162; *Chapin* v. *Broder*, 16 Cal. 403.) A judgment, to be a lien, must be for a specific sum of money. (*Hamberger* v. *Easter*, 57 Ga. 71.) The absence of the dollar-sign, when there is no other sign or word to denote value, renders an assessment void, even when the column is headed "Valuation." (*People* v. *Hastings*, 34 Cal. 571; *Hurlbutt* v. *Butenop*, 27 Cal. 50; *Braly* v. *Seaman*, 30 Cal. 610; *People* v. *Savings Union*, 31 Cal. 132.)

VANCLIEF, C. — The plaintiffs are husband and wife, and own a tract of land in Orange County, upon which they reside, and which they claim as a homestead.

On October 30, 1888, the defendant Bank of Orange obtained a judgment against F. M. Dyke and others for the sum of $394.82 debt, and $34.40 costs. On July 8, 1890, an execution was issued on this judgment, and placed in the hands of the defendant Harris, who, as sheriff, on July 9, 1890, levied the same on a part of plaintiffs' homestead, and advertised it for sale.

This action was brought to enjoin the sale. The plaintiffs prevailed, and the defendants bring this appeal from the final decree upon the judgment roll, including a bill of exceptions.

The plaintiffs' declaration of homestead was recorded on the twelfth day of August, 1889, more than nine months after the rendition of the judgment against F. M. Dyke, on which the execution was issued; and the only material question presented for decision is, Was the judgment properly docketed so as to become a lien on plaintiffs' land before the recording of this homestead?

There is no question that the judgment was properly docketed on October 31, 1888, in all respects, except as to the requisite statement of the " amount " of the judgment, which the court found to have been stated in the third column of the docket, under the heading "Amount of judgment," as follows, and not otherwise: —

| AMOUNT OF JUDGMENT. | | |
|---|---:|---:|
|  | 394 | 82 |
| Costs.................................... | 34 | 40 |

Red—

As conclusions of law, the court found that this was not a sufficient statement of the amount of the judgment; that the " judgment did not become and was not a lien upon the homestead premises " before the declaration of homestead was recorded; and that the plaintiffs were entitled to the relief demanded.

Counsel for appellants contend that the conclusions of law are not supported by the facts found, and I think this point should be sustained.

Section 672 of the Code of Civil Procedure provides: " If judgment be for the recovery of money or damages, the *amount* must be stated in the docket under the head

of judgment; if the judgment be for any other relief, a memorandum of the general character of the relief granted must be stated."

In the first place, the word "amount," in its connection with the numerical figures, indicates that the judgment is for money or damages, since the *amount* of any other kind of relief is not required to be stated, nor could a memorandum of "the general character" of other kinds of relief be expressed by numerical figures, however written or marked.

In the second place, the word "costs," immediately preceding the figures "34 40," indicates that those figures represent money, since judgments for costs are always for money.

Finally, the position of the figures in the column headed "Amount of judgment," inclosed by double lines and divided by a single red line, plainly indicates that the figures on the left of the red line represent dollars, and those on the right represent cents. This mode of writing dollars and cents is more generally practiced, and quite as well understood, as that in which the dollar-mark ($) is used. It is almost universally practiced where sums of money are to be written in columns, as in blotters, journals, ledgers, and statements of accounts. When so written, not only courts, but all persons of common education, readily read and understand the figures as representing a definite number of dollars and cents. In this form, statements of accounts are ordinarily reported to the courts by executors, administrators, referees, and masters in chancery. When and where was an exception to such a report sustained on the ground that it was unintelligible?

A question similar to the one under consideration was decided in the case of *De Lashmutt* v. *Sellwood*, 10 Or. 319, in which the court, by Watson, C. J., said: "The objection that it does not appear from the docket entry what the figures in the column headed 'Amount of judgment'

stand for presents a question by no means new in this court. In the case of *French* v. *Rogers*, disposed of at the last term, we held, in effect, that any mark commonly understood, and ordinarily employed in business trans- actions, to denote the division of figures, obviously representing money, into dollars and cents, would suffice for that purpose in entries of this character. Such we deemed the mark ordinarily used in setting down sums of money on paper to denote the amount repre- sented by the two figures on the right as cents, and that represented by the figures on the left as dollars; and the same effect, in our judgment, must be allowed to the lines and spaces in the ruled money-columns in regular ac- count-books or official records similarly prepared. Gen- eral usage and common understanding have given such marks and lines, when so employed, a signification by which not individuals only, but courts as well, are en- abled to determine what, and what amount, figures so placed were intended to represent, with as much ease and almost as much certainty as though the dollar-mark itself, or written words even, had been used to express the same meaning."

Upon this point the respondent cites several cases in which it was held that mere numerical figures in a tax- assessment roll do not express the value of the property assessed, viz.: *Hurlbutt* v. *Butenop*, 27 Cal. 50; *Braly* v. *Seaman*, 30 Cal. 610; *People* v. *Savings Union*, 31 Cal. 132; and *People* v. *Hastings*, 34 Cal. 571. As to these cases it is to be remarked, in the first place, that in none of them are the numerical figures written in columns similar to those in the docket in this case. In none of them is there any line or mark separating dollars from cents. In none of them are the figures written in the form com- monly employed in account-books and records to denote that they are intended to represent dollars and cents.

In the second place, while admitting that the strict rule applied to the assessment cases may be too firmly

established to be overruled or disregarded by the courts in that class of cases, I think there is no necessity for extending it to the class to which this case belongs.

The only case in this court, except the assessment cases, having any bearing upon the question under consideration, that I have been able to find, is that of *Hibberd* v. *Smith*, 50 Cal. 511. In that case, the alleged defect in the docket was, that it did not state the Christian name, nor the initials of the Christian name, of the judgment debtor; yet this court held that the docketing was sufficient to constitute a lien upon the land of the judgment debtor.

I think the judgment should be reversed, and that the court below should be directed to render judgment, upon the findings of fact, in favor of the defendants.

FITZGERALD, C., and BELCHER, C., concurred.

THE COURT. — For the reasons given in the foregoing opinion, the judgment is reversed, and the court below is directed to render judgment, upon the findings of fact, in favor of the defendants.