[L. A. No. 1735. Department Two.—March 7, 1907.]

, ROBERT S. CARTER, Respondent, v. KITTURIA B. OSBORN, Appellant.

TAXATION—DEED TO STATE—RECITALS—EXPIRATION OF TIME FOR RE-
DEMPTION.—A defect in a tax-deed to the state executed July 6,
1900, for land sold to it for delinquent taxes assessed for the year
1894, in failing to recite the time when the right of redemption
had expired, was cured by the act of February 28, 1903, the pur-
pose of which was to confirm, validate, and legalize certain tax-deeds.
Such act is constitutional and valid.

. ID.—ASSESSMENT OF PROPERTY SOLD TO STATE.—A tax-sale to the state
is not rendered void by reason of the fact that on the assessment-
roll for the next ensuing year there was stamped the words ''Sold
to state,'' without a statement that it was ''sold for taxes'' and the
date of the sale.

ID.—CERTIFICATE OF SALE—REPEAL OF SECTIONS 3776 AND 3777 OF
POLITICAL CODE.—Sections 3776 and 3777 of the Political Code,
which provided for the issuance of a certificate upon the sale to
the state for delinquent taxes, having been repealed by the act of
1895 (Stats. 1895, p. 19), the attempt afterwards to amend the
repealed sections by the Statutes of 1895, page 327, was of no effect.
And a certificate, issued after the repeal of said sections, for de-
linquent taxes for the year 1894, will be disregarded in determin-
ing the validity of the sale.

ID.—DELINQUENT TAX-LIST—OMISSION OF DOLLAR-MARK.—In the de-
linquent tax-list, immediately under the heading ''amount,'' were
the figures ''4 00,''—there being a space between the figure 4 and
the two ciphers, as usually appears when they are intended to mean
''dollars,'' but there was no dollar-mark. *Held*, that the delin-
quent list clearly indicated that dollars were meant, and that the
absence of the dollar-mark did not invalidate the assessment or the
tax-sale.

APPEAL from a judgment of the Superior Court of Los
Angeles County. M. T. Allen, Judge.

The facts are stated in the opinion of the court.

P. B. Lhoyd, for Appellant.

O. B. Carter, for Respondent.

McFARLAND, J.—This is an action to quiet plaintiff's
title to a piece of land in the city of Los Angeles, county of

Los Angeles, described as "lot fifty-four (54) of the Wiesen-danger tract as per map recorded in book 9, page 68, miscellaneous records of said county." Judgment went for plaintiff, and from this judgment defendant appeals.

The plaintiff had the legal title to the lot in question, the same having been conveyed to him on February 3, 1904, by one Berger Kallander, who then owned it, unless such title passed from said Kallander and vested in defendant by virtue of certain tax proceedings and deeds. The defendant claims title through an assessment for the year 1894, a tax-deed to the state executed July 6, 1900, and a deed to defendant from the state. The court made only two findings of ultimate facts, —namely, that plaintiff "is the owner" of the land in question, and that defendant has "no right, title or interest therein." However, the bill of exceptions and the points of counsel show upon what theory the case was tried. That theory was that the tax proceedings and deeds were for various reasons void and conveyed no title. Objections to the introduction of the tax-deed to the state were sustained, the main objection being that the "deed does not recite the time when the right of redemption had expired." Various objections were also sustained to other documents and to the assessment for 1894. But nearly all these points were decided against the contention of respondent and adversely to the rulings of the court in the recent case of *Baird* v. *Monroe,* L. A. No. 1623, *ante,* p. 560, [89 Pac. 352], the opinion in which was filed February 16, 1907. It was there held that the alleged defect in the tax-deed to the state was cured by the act of the legislature approved February 28, 1903, [Stats. 1903, p. 63,] the purpose of which act was to "confirm, validate, and legalize" certain tax-deeds. In the case at bar respondent contends, and the court must have found, that said act was unconstitutional; but the question was elaborately discussed in *Baird* v. *Monroe,* and the act held to be constitutional and valid. It was there also held that the objections made in the case at bar to the said assessment are not well taken. Indeed, nearly all the points made by the respondent in the case at bar, and sustained by the court, were decided in *Baird* v. *Monroe* adversely to respondent's contention, and it would be useless to restate here the reasoning of the exhaustive opinion delivered in that case; it is sufficient to refer to it as determinative of those points.

One or two points are made in the case at bar which per-haps were not covered in the Baird case, and they will be here noticed.

It is contended that the tax-sale was void because on the assessment-roll for the next ensuing year, 1895, there was stamped the words "Sold to state," without a statement that it was "sold for taxes," and the date of the sale. We think, however, that the words used sufficiently comply with the statute, and fully answer the purpose of giving notice to the owner of the fact of such sale.

A certificate of sale was introduced, and it is objected that while the total amount of the tax is correctly given at $3.10, yet the items given amount to only $2.43, which, with a penalty of ninety cents, makes only $3.33, instead of $4.00, for which it was sold. The assessment showed the total amount of tax to be the $3.10, which, with the ninety cents penalty, makes $4.00. We do not deem it necessary to consider whether this slight mistake in the computation would, in any event, affect the validity of the sale, which was made for the correct amount, because we are of the opinion that the certificate may be disregarded, for the reason that at the time of the sale sections 3776 and 3777 of the Political Code, which provide for such certificate, had been repealed (Stats. 1895, p. 19), and the attempt afterwards to amend the repealed sections (Stats. 1895, pp. 327, 328) was of no effect. (Pol. Code, sec. 330; *Fletcher* v. *Prather*, 102 Cal. 418, [36 Pac. 658].)

It is contended that the tax-sale was void because in the delinquent list the amount due was not stated. There is in said list the word "amount," and immediately under it are the figures "4 00"—there being a space between the figure 4 and the two ciphers as they usually appear when they are intended to mean "dollars"; but there is no dollar-mark. For this contention respondent relies on certain early California cases—*Hurlbutt* v. *Butenop,* 27 Cal. 50; *Braly* v. *Seaman,* 30 Cal. 610; *People* v. *San Francisco Sav. Union,* 31 Cal. 132; *People* v. *Hastings,* 34 Cal. 571; and also the later case of *Emeric* v. *Alvarado,* 90 Cal. 444, [27 Pac. 356], which merely refers approvingly to the said early cases. In those cases it does not clearly appear how the figures intended to represent dollars were written, although it does appear that there were

no dollar-marks, and we will assume that if they had been exactly as those in the delinquent list in the case at bar the rulings would have been the same. But in all those cases the defect was in the *assessment itself,* not in any subsequent document, as, for instance, the delinquent list. In *People* v. *San Francisco Sav. Union,* 31 Cal. 132, it was contended that the omission by the assessor to make a valuation of assessed property might be amended by the auditor by prefixing the dollar-mark to the figures; but the court said that the assessment-roll "is the basis of all subsequent proceedings"; that under the constitution the assessor must fix the valuation of property which is to be taxed, and that the "valuation is the very foundation of proceedings for enforcing and collecting the tax upon property" and "is essential to the validity of a property tax." Indeed, the assessment is very much in the nature of a judgment, and must therefore be in every way definite and precise, and the court in the case just quoted from illustrates its meaning by supposing a judgment which merely awarded to a party certain naked figures without any designation of what they represented. But we do not think that this stringent rule as to the original assessment, which is the foundation and source of the asserted tax, is applicable to all subsequent proceedings. The delinquent list in the case at bar, with the word "amount" and under it "4 00," clearly gave notice to any intelligent. person that dollars were meant, and the absence of the dollar-mark does not invalidate the assessment or the tax-sale.

There are no other points calling for special notice.

The judgment appealed from is reversed and the cause is remanded for a new trial, to be conducted in accordance with the views expressed in this opinion and in the opinion in the said case of *Baird* v. *Monroe, ante,* p. ·560, [89 Pac. 352].

Lorigan, J., and Henshaw, J., concurred.