[L. A. No. 1709.  Department Two.—March 8, 1907.]

## SAN DIEGO REALTY COMPANY, Respondent, v. A. F. CORNELL, et al., Appellants.

TAXATION—VOID DESCRIPTION OF LAND—DEED TO STATE—CLOUD ON TITLE—INJUNCTION.—A description of land in an assessment-roll, as follows: "In the county of San Diego, state of California, . . . lot 1, block 17, Ocean Beach," is insufficient, and renders the assessment void; and an injunction will lie to restrain the county officers from executing a deed to the state for unpaid taxes based upon such assessment, by a description legally sufficient to charge the property, as such a deed, with the presumptions that it carries with it of the *prima facie* regularity of antecedent proceedings, would cast a cloud upon the title to the property, and result in injury to the owner.

ID.—PAYMENT OF TAXES AS CONDITION TO INJUNCTION.—Conceding such assessment to be void, and that nothing was due for taxes under it, the fact that the court, as a condition to the granting of the injunction, required the plaintiff to pay an amount found to be the just and legal amount for which the property could have been taxed, was without prejudice to the defendants.

ID.—POWER OF COURT TO DETERMINE AMOUNT OF TAXES.—Where the amount of taxes, the value of the property, the tax-rate, and the amount due, had all been fixed by the proper fiscal officers, the court had power by its decree to determine that the amount so fixed was the just and legal amount of taxes due on the property, and to order its payment to the tax-collector as a condition to the granting of the injunction.  If there could be any question of the general powers of a court of equity to render such a decree, there can be none as to its power in this state, under section 187 of the Code of Civil Procedure, which provides that whenever jurisdiction over any matter is conferred, all means necessary to carry the jurisdiction into effect are conferred with it.

APPEAL from a judgment of the Superior Court of San Diego County.  E. S. Torrence, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, George A. Sturtevant, Deputy Attorney-General, and Cassius Carter, District Attorney, for Appellants.

Smith & Collier, for Respondent.

HENSHAW, J.—Plaintiff brought this action against the defendants, who are county officers of San Diego County, for the purpose of enjoining them as county officers from issuing tax-deeds to certain of its property, following assessment and sale. Plaintiff alleges that the assessment was void, and avers that the defendants propose to execute the tax-deed to the state of California, conveying its land so attempted to be assessed by the void assessment; that the deed so made will cast a cloud upon plaintiff's title; that had the property been assessed according to law, the taxes assessed against it would have amounted to the sum of $2.08 for all · the years wherein the property was not legally assessed and for which taxes were not paid and for which the property could now be reassessed. Plaintiff has tendered this sum of $2.08 to the proper officers, who have refused to accept it. It continues its offer to pay this money, and upon payment asks the decree of the court restraining the officers from clouding the title to its realty.

The court found in accordance with the complaint, accepted the tender directing payment of the money to the county treasury, and granted the injunction sought. Defendants appeal.

The description given in the assessment-roll which is attacked is as follows: "In the county of San Diego, state of California, and described thus: Lot 1, Block 17, Ocean Beach." This description is admitted by appellants to be void, upon the authority of *Labs* v. *Cooper,* 107 Cal. 656, [40 Pac. 1042], and *Miller* v. *Williams,* 135 Cal. 183, [67 Pac. 788], but appellants argue that as the assessment is void, no cloud is cast upon the title, and that there is therefore no occasion for the interposition of equity. The answer to this is found in the allegations of the complaint, that the defendants propose to execute a deed to the state by a description legally sufficient to charge the property, and by this, together with all the presumptions which follow such a deed, with the *prima facie* regularity of antecedent proceedings which it carries with it, a cloud will be cast upon the property and injury to the plaintiff thus result.

The second proposition advanced by appellant is that the court was without jurisdiction to find and declare that the sum of $2.08 was the just and legal amount for which the

property could have been taxed and to direct the reception of
this sum by the tax-collector.  It is said if the assessment com-
plained of was merely irregular it might be conceded that
under appropriate allegations tendering a payment of what in
equity and good conscience should be paid a court of equity
might have rendered assistance (*Easterbrook* v. *O'Brien,* 98
Cal. 673, [33 Pac. 765]; *Ellis* v. *Witmer,* 134 Cal. 253, [66
Pac. 301]), but that because plaintiff contends and proves
that the assessment is void, then and therefore nothing was
due, nothing need be tendered, and the tender, if made, was
but an idle act.  But this contention, even if upheld, cannot
avail appellants.  The fact that a litigant going into equity
offers to do more than equity has never been held a ground
for refusing him the relief to which he is entitled.  If a tender
and payment were unnecessary, it scarcely lies in appellants'
mouths to complain that their adversary has been decreed to
pay that which in equity he was not called upon to pay.
Still further, their counsel, who takes this position in this
case, successfully contended for the opposite in *Couts* v. *Cor-
nell,* 147 Cal. 560, [109 Am. St. Rep. 168, 82 Pac. 194].  The
gravamen of his attack in the Couts case—an action in char-
acter precisely like the one here under consideration, and
based upon assessments void for the same defect which vitiates
this one—was that the plaintiff did not make tender of the
amount equitably due, and this court held that relief would
not be granted in the absence of such tender; that there was
distinctly a moral obligation to pay, as well as a quasi-legal
obligation, which latter the state could easily cast into the
form of a strictly legal obligation by authorizing an amend-
ment to the assessment or by reassessing.

A further contention of the appellants is that the action
of the court in finding and declaring the amount due for taxes
and its recordance and acceptance of the tender which had
been made, with directions that the money should be received
and deposited in the county treasury on account of the taxes
upon the property, was a judicial usurpation of a function
of government, which function is vested in the legislature
alone; that it was an attempt by the court to impose taxes
and to regulate their collection.  This difficulty is purely imag-
inary.  Of course, if it had become necessary for the court, in
determining the amount due from plaintiff, to value the prop-

erty, to make an assessment, or to fix a rate, no court for a moment would undertake to perform these purely legislative duties. But in every case where a court without usurpation of the functions of the fiscal department can determine the amount due from a plaintiff in equity it will fix that amount and decree its payment. Here there was no question of the court being called upon to exercise the machinery of the taxing power in levying taxes. All that had been done by proper authority. The amount of taxes, the value of the property, the tax-rate, and the amount due had all been fixed. In effect, all that the court was required to decide was whether the penalties and impositions for delinquency were justly chargeable against the property where the assessment was void. It held, and properly held, that they were not, but decreed that the sum which the state had fixed as due for taxes should be paid before it would grant relief. Thus the court was not called upon to reassess or to make a new rate, but merely to adopt those already made, those which the taxing officers themselves would have had to readopt if a new assessment had been ordered under the law. (Stats. 1893, p. 290.) If there could be any question of the general powers of a court in equity to render such a decree there can be none as to its power in this state by virtue of section 187 of the Code of Civil Procedure, which provides that whenever jurisdiction over any matter is conferred all means necessary to carry the jurisdiction into effect are conferred with it.

The judgment and order appealed from are therefore affirmed.

McFarland, J., and Lorigan, J., concurred.