[L. A. No. 1805.    Department Two.—May 13, 1907.]

## SAN DIEGO REALTY COMPANY, Respondent, v. A. F. CORNELL et al., Appellants.

TAXATION—VOID DESCRIPTION OF PROPERTY—INJUNCTION TO RESTRAIN DEED TO STATE—PAYMENT OF TAX AS CONDITION TO INJUNCTION.— In an action for an injunction to restrain county officers from executing a deed to the state for unpaid taxes based upon an assessment which was void for insufficiency of description of the land assessed, where the complaint offers to pay the amount of taxes equitably due, and ·the amount of taxes, the value of the property, the tax-rate, and the amount due had all been fixed by the proper fiscal officers, the court should by its decree fix the amount of the tax due on the land, and order its payment as a condition to the granting of the injunction, and not decree a reassessment ·of the property.    (*San Diego Realty Co.* v. *Cornell*, 150 Cal. 637, affirmed.)

APPEAL from a judgment of the Superior Court of San Diego County.    E. S. Torrence, Judge.

The facts are stated in the opinion of the court, and in the opinion in *San Diego Realty Company* v. *Cornell*, 150 Cal. 637.

Cassius Carter, District Attorney, and Albert Schoonover, for Appellants.

Collier, Smith & Holcomb, for Respondent.

HENSHAW, J.—This case is in all respects identical with that of *San Diego Realty Co.* v. *Cornell,* L. A. No. 1709, decided March 8, 1907, 150 Cal. 637, [89 Pac. 603]. There was the same tender of the amount due, the same refusal to accept and an offer by plaintiff to pay the amount found justly due. The court's findings were in accordance with the complaint, but in its decree (seemingly doubting its power to accept the tender, as was done in L. A. No. 1709), it decreed an injunction and a reassessment of the property. It should have granted the relief plaintiff prayed for upon payment of the amount which it found to be justly due. As this may be done upon the findings actually made, there is no occasion for a reversal of the judgment, and it is ordered that the judgment be modified in this respect.

McFarland, J., and Lorigan, J., concurred.