[Civ. No. 349.  Second Appellate District.—August 20, 1907.]

## GUS SCHAMBLIN, Appellant, v. T. A. MEANS et al., Respondents.

TAX SALE AND DEED TO STATE—DEED BY STATE—VALIDATING ACT—CASES AFFIRMED.—In an action involving the validity of a tax sale and deed to the state in 1901, and of a subsequent deed by the state in 1902, *held*, that all defects and objections going to the validity of the state's title were cured retroactively by the validation act of February 28, 1903, upon the authority of the case of *Baird* v. *Monroe*, 150 Cal. 560, and of subsequent cases in which that case is cited and approved.

ID.—UNAUTHORIZED CERTIFICATE OF SALE—RECITALS IN DEED IMMATERIAL.—Where the provisions of the Political Code requiring a certificate of sale to the state for taxes were repealed in 1895, and were not in force when the tax sale was made, objections resting upon the certificate of sale must be disregarded, and any ambiguity in the recitals of such certificate in the deed is immaterial, and cannot affect the applicability of the validating act of 1903.

ID.—LAPSE OF FIVE YEARS FROM DATE OF SALE—RECITALS OF CERTIFICATE.—The fact that the certificate of sale bears date on the twenty-second day of August, 1896, which is called the day of sale, does not show that five years had not elapsed between the date of sale and the deed, where it distinctly certifies that the sale of the property was made "on the 27th day of June, 1896," and that "the purchaser thereof will be entitled to a deed on the 27th day of June, 1901." Where the deed was dated June 28, 1901, it appears that full five years had elapsed from the date of sale before the deed to the state was executed.

ID.—DEED BY STATE PRIOR TO CURATIVE ACT—TITLE OF GRANTEE FED AND VALIDATED.—The state at the end of the five year period acquired an absolute property by a deed which was afterward confirmed and validated. The absolute right of redemption having expired, no right of property was taken away from the former owner by the deed from the state in 1902. But whether the view be taken that the title of the state was validated as of the date when the deed was made to the state, or only as of the date of the passage of the curative act of 1903, such additionally acquired title went to feed and validate the title of the state's grantee.

APPEAL from a judgment of the Superior Court of Kern County, and from an order refusing a new trial. J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

W. W. Kaye, for Appellant.

Charles N. Sears, and O. B. Carter, *Amicus Curiae,* for Respondents.

TAGGART, J.—This is an action to quiet title. Defendant relied upon a deed from the state of California. The only title of the state to the property in dispute was vested by tax sale and deed. The deeds and tax sales were held valid, and judgment was in favor of defendant. Plaintiff appeals from the judgment, and from an order denying his motion for a new trial.

Appellant contends that the deed from the tax collector to the state is void because: (1) It does not recite the amount for which the property was sold; (2) it does not recite when the right of redemption expired; (3) it does not correctly recite the date of sale; (4) it incorrectly recites that the time for redemption had expired; and (5) it was issued before the expiration of the time for redemption.

The validity of the deed from the state to defendant is also assailed on the grounds that it was issued before a valid deed to the state had been filed with the controller as required by section 3897, Political Code, and it is not executed in accordance with the provisions of section 14, article V, of the constitution of the state.

The questions raised on this appeal are all substantially answered by the opinions of the supreme court in the case of *Baird* v. *Monroe,* 150 Cal. 560, [89 Pac. 352], and the recent cases citing and approving that case. (*Carter* v. *Osborn,* 150 Cal. 620, [89 Pac. 608] ; *Fox* v. *Wright,* 152 Cal. 59, [91 Pac. 1005] ; *Fox* v. *Townsend,* 152 Cal. 51, [91 Pac. 1004, 1007] ; *Bank of Lemoore* v. *Fulgham,* 151 Cal. 234, [90 Pac. 936].)

It is contended further by appellant that the validating act of 1903 does not apply to the tax deed in this case, because it appears upon the face of the tax deed that "five years have not elapsed between the date of sale of the property to the state for nonpayment of taxes and the date of the execution of such deed." The tax deed is dated June 28, 1901, and contains the following recital: "And, whereas, the certificate stated that unless the said real estate was redeemed within

five years from the date of the sale to the state, the purchaser thereof would be entitled to a deed thereof, on the twenty-seventh day of June, 1901, that said certificate of sale bears date the twenty-second day of August, 1896, *the day of said sale.*" The certificate of sale is dated August 22, 1896, and certifies that the sale of the property was made "on the 27th day of June, 1896," and that "the purchaser thereof will be entitled to a deed thereof, on the twenty-seventh day of June, 1901."

Sections 3776 and 3777 of the Political Code, which provide for the execution and recordation of a certificate of sale for taxes, were not in force at the time of making of the sale here under consideration. Those sections were repealed on February 25, 1895 (Stats. 1895, p. 19), and re-enacted April 1, 1897 (Stats. 1897, p. 432), in an amended form. An attempt to amend these sections after their repeal in 1895 at the same session of the legislature (Stats. 1895, p. 327) was ineffective. In so far, then, as the objection rests upon the certificate of sale, it may be disregarded (*Carter* v. *Osborn,* 150 Cal. 620, [89 Pac. 608]), and it becomes immaterial when the certificate of sale was made, whether upon the date of sale, or at some other time. Any ambiguity in the recital in the deed of what the certificate of sale contained or stated was also immaterial. As the law did not require a certificate of sale at all, the provision that the recitals in the certificate should be embodied in the deed became inoperative and a compliance therewith unnecessary. (*Fox* v. *Townsend,* 152 Cal. 51, [91 Pac. 1004].) This ambiguity eliminated, there is no doubt as to the application of the act of 1903 to the tax deed here under consideration. It was made on the twenty-eighth day of June, 1901, and shows by its recitals that the tax sale was made on June 27, 1896, and the finding of the court is that five years had elapsed between the date of sale and the date of the execution of the deed. All of the objections to the validity of the tax deed may, therefore, be summarily disposed of in favor of respondent on the authority of the cases cited above, and applying the act of 1903 to that deed.

Appellant contends that the cases mentioned do not cover all the objections made to respondents' title. That, admitting that their application to the case at bar disposes of the questions of the validity of the deed to the state, and the constitutionality of the act empowering the tax collector to execute,

in the name of the state, deeds conveying property acquired by the state in the enforcement of the revenue laws, there is another question necessary for this court to determine before it can affirm the judgment of the lower court that was not decided by the cases cited, nor either of them.

Appellant's position, stated in full, is as follows: The property was sold to the state June 27, 1896; the deed to the state was made June 28, 1901; the deed from the state to defendant bears date January 14, 1902, and the validating act, which took effect immediately, was approved February 28, 1903. The act purports to confirm, validate and legalize the tax certificates and deeds to the state only. At the time the deed was made from the state to defendant the defective tax proceeding had not been cured and the deed of January 14, 1902, could and did convey such title, and only such title, as the state then had to the property in question. That any additional title acquired by the state by virtue of the act of 1903 did not feed the void title acquired by the defendant by the deed from the state. In none of the cases cited was this question directly presented and urged. In the case of *Baird* v. *Monroe* it appears from the language of the opinion that it was expressly admitted that the defendant regularly succeeded to whatever title the state acquired by virtue of the tax proceedings. From the opinion in this case we derive the principles upon and the rules by which the supreme court considered the act in question. It is said of the act of 1903: "It is essentially a curative act, intended to give effect to past acts or transactions which are ineffective because of neglect to comply with some requirement of law." It was intended to operate retroactively. (150 Cal. 565, [89 Pac. 354].) Again: "At the time of the execution of the deed, the five years from the date of sale within which the owner had the absolute right of redemption having expired (Pol. Code, sec. 3780), the state was entitled to the deed from the tax collector, and it was then the duty of the tax collector to execute such deed in the manner prescribed by law. *The state was then equitably the owner of the property.*" (The italics are ours.) "The deed to the state provided for by the statute, though designated a 'deed,' is nothing more, in effect, than formal written evidence of the various facts essential to vest the property in the state. . . . It is the evidence, primary in some particulars, and conclusive in others, of those

facts from which the vesting of the title to the property in the state necessarily follows as a matter of law, and *prima facie* operates as a muniment of title. (Pol. Code, secs. 3786 and 3787.)'' (150 Cal. 566, 567, [89 Pac. 355].) In other words, given a valid assessment of his property and a reasonable opportunity to pay his taxes, it is the duty of the property owner to do so. Failing to do this for five years after a sale in accordance with the statute has been made, his property passes to the state. The recitals in the deed are but evidence that the steps provided by law have been followed, and it is the acts themselves which vest the title in the state.

From the opinion in *Fox* v. *Wright,* 152 Cal. 59, [91 Pac. 1005], we quote: ''At the end of this five years the deed to the state is made, and the title of the state becomes absolute. . . . We are unable to see why the state may not obtain a title free from all equities in the former owner at the expiration of five years as may a private citizen after foreclosure upon the mortgage when the period of redemption following such foreclosure has passed.'' In *Fox* v. *Townsend,* 152 Cal. 51, [91 Pac. 1008], it is said: ''No reason is discernible why the state, like a private individual, may not obtain a proper correction deed for the betterment of the title to property which it has conveyed, and if this be done after conveyance, why, as in the case of an individual, it should not serve to perfect the title granted.''

It seems to us the cases mentioned fully cover the question, and that no further authorities need be cited to show that the curative act operated to make good the tax deed as of the date it was made. The state, at the end of the five-year period of redemption, acquired an equitable title to the property by a deed which was subsequently confirmed and made valid. There was no right or property taken away from the appellant or his predecessor in title, as the absolute right of redemption expired at the end of the five-year period. Taking the view, however, that the curative act operated to make good only the title to the state as of the date of its passage, such additionally acquired title went to feed and validate the title of defendant.

Judgment and order appealed from are affirmed.

Allen, P. J., and Shaw, J., concurred.