[L. A. No. 1856. Department One.—October 11, 1907.]

## WILLIAM CHAPMAN, Appellant, v. GEORGE ZOBER-LEIN, Respondent.

TAXATION — ASSESSMENT — INSUFFICIENT DESCRIPTION OF CITY LOT—
EVIDENCE TO IDENTIFY PROPERTY.—The description in the assess-
ment-roll of a piece of land assessed as "lot 34 in University Addi-
tion Tract," in the city of Los Angeles, in Los Angeles County,
without any reference to any map of the tract, nor anything to
indicate the character of the "University Addition Tract," the loca-
tion in the city of the addition, nor the relative location of lot 34
thereof is *prima facie* insufficient to make a valid assessment, but
in an action involving the validity of a tax-deed based upon such
assessment, the party asserting its validity may introduce extraneous
evidence to show that there is a definite tract known by the name
given, that a survey and map thereof has been made, and that the
lot designated by number constitutes a known and certain subdivision
thereof, and when so explained the assessment will be held good.

ID.—DELINQUENT TAX-LIST—DOLLAR-MARK.—The publication of a de-
linquent tax-list is not rendered ineffectual because the dollars and
cents were not indicated by the figures purporting to state the
amount charged against the property, where there was a note at the
foot of the list fully explaining the figures.

ID.—SALE BY STATE—HIGHEST BIDDER FOR CASH.—*Fox* v. *Wright, ante,*
p. 60, approved to the effect that the provision of section 3897 of
the Political Code, requiring the tax-collector to sell the property
sold to the state for delinquent taxes at public auction " to the
highest bidder for cash," means that the sale must be made to him
who will pay the largest cash sum for the entire property. So con-
strued the section is not unconstitutional, although the law makes
no provision for the return to the owner of the property of any
excess of the selling price above the amount for which it was sold
to the state.

ID.—ASSESSMENT-BOOK—STATEMENT OF YEAR OF ASSESSMENT.—A state-
ment in the assessment-book that it was the book of assessments for
the year " 1898 " was a proper designation of the year. There being
but one assessment for that year, namely, the assessment of property
that was subject to taxation on the first Monday of March, 1898,
the designation made it certain that this was the assessment referred
to. The fact that the fiscal year begins July 1st and includes the
last half of one calendar year and the first half of the succeeding
year is immaterial.

ID.—DELINQUENT TAX-LIST—AMOUNT OF DELINQUENCY.—It is not nec-
essary in the delinquent tax-list to state separately the items of taxes,
penalties, and costs charged against the property. A statement of
the total amount is sufficient.

ID.—CERTIFICATE OF SALE—RECITALS.—The certificate of sale to the
state was not rendered invalid by the fact that it recited that the
amount for which the property was sold, being the same as the
amount charged, was for " taxes of every kind charged against said
property, and penalties, costs and *charges*." The addition of the
word " charges " added nothing to the amount, nor did it change
the items composing it.

ID.—DEED BY TAX-COLLECTOR.—A deed made by the tax-collector to the
purchaser is a sufficient divestiture of the title of the state. A patent
signed by the governor is not necessary.

ID.—RECITALS IN DEED BY TAX-COLLECTOR.—The sufficiency of the deed
by the tax-collector to a purchaser at a sale made after the title has
become vested in the state is to be determined by the requirements
of sections 3897 and 3898 of the Political Code, and it is only
necessary that it shall recite so much of the proceedings subsequent
to the execution of the deed by the tax-collector to the state as may
be necessary to show that the tax-collector was authorized, as agent
for the state, to sell and convey the state's previously acquired right
to the property.

ID.—NOTICE OF SALE—STATEMENTS IN.—Where a sale by the state was
made at a time when section 3897 of the Political Code did not
require that the notice of sale given by the tax-collector in pursu-
ance of the order of the state controller, should state the name of
the person owing the delinquent tax that may be against the prop-
erty or a statement of the taxes, costs, penalties and expenses
accrued to that date, the omission of such matters is immaterial.

ID.—PUBLICATION OF NOTICE—DAILY NEWSPAPER.—The provision of the
statute that the notice of sale should be published "for at least
three successive weeks in some newspaper published in the county,"
is sufficiently complied with by a publication on one day in each
of four successive weeks, in a newspaper of the county which was
published daily during that period, the days of such publication
being exactly one week apart, although the notice was not inserted
except for the one day in each of said weeks.

APPEAL from a judgment of the Superior Court of Los
Angeles County and from an order refusing a new trial.
Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

Charles Lantz, for Appellant.

Edward F. Wehrle, for Respondent.

SHAW, J.—The action is to quiet title and the appeal is
by the plaintiff from the judgment and from an order deny-
ing his motion for a new trial.

The defendant's title depends on the validity of a tax sale to the state of California, a deed to the state in pursuance thereof, and a subsequent conveyance for the state by the tax-collector to the defendant.

The case comes precisely within the rule of the cases of *Miller* v. *Williams,* 135 Cal. 183, [67 Pac. 788]; *Labs* v. *Cooper,* 107 Cal. 656, [40 Pac. 1042]; *San Diego Realty Co.* v. *Cornell,* 150 Cal. 637, [89 Pac. 603], and *Fox.* v. *Townsend, ante,* p. 51, [91 Pac. 1004], with respect to the description of the property in the assessment. The property is described in the complaint as lot 34 of the University Addition Tract, according to the map thereof recorded in book 15, page 46, of miscellaneous records of Los Angeles County, situated in the city of Los Angeles, in said county. In the assessment book there is the following general introductory heading:

"Assessment Book of the property of Los Angeles County for the year 1898" etc.

The description of this particular property is as follows:

| "Description of property in the city of Los Angeles, city and town lots" etc. | City Town Lot | or lots Blk | Value of City and Town lots | |
|---|---|---|---|---|
| University Addition Tct. | 34 | | $ 135 | " |

From this it appears with sufficient certainty that the property assessed is lot 34 in University Addition Tract in the city of Los Angeles, in Los Angeles County. There is no reference to any map of the said tract, nor anything to indicate the character of the "University Addition Tract," the location in the city of the addition, nor the relative location of lot 34 thereof. Such a description, in the cases above cited, was held to be *prima facie* insufficient to make a valid assessment. True, in the cases of *Best* v. *Wohlford,* 144 Cal. 733, [78 Pac. 293]; *Baird* v. *Monroe,* 150 Cal. 560, [89 Pac. 352], and *Fox* v. *Townsend, ante,* p. 51, [91 Pac. 1004], it has been decided that, while a similar description is presumptively invalid, it may be explained and supplemented by proof on the trial that there is a definite tract known by the name given, that a survey and map thereof has been made and that the lot designated by number constitutes a

known and certain subdivision thereof, and that when so explained the assessment will be held good. Such proof merely shows that when the surrounding natural objects and circumstances, explanatory of the descriptive words, are considered, the *prima facie* uncertainty disappears and thereupon the description becomes clear and definite. Such extraneous objects and circumstances must be considered in order to give a definite location on the ground to any description. The only difference between this case and one where there is a reference to some map is that maps are of such customary use that it will be presumed that one exists to answer the description and give it certainty, whereas, if there is no reference thereto, the presumptions against tax proceedings prevail and there must be proof sufficient to make the description certain. In the case of an ordinary instrument, not subject to the strict rules applicable to tax assessments and sales, the description here in question would be *prima facie* good, and could only be rendered uncertain by affirmative proof of some fact which would disclose a latent ambiguity, as that there were two lots in the tract bearing the number 34. But, as pointed out in the recent case of *Fox* v. *Townsend, supra,* in cases of tax sales the proof must be made by the party who seeks to affirm the validity of the sale or other proceeding.

Inasmuch as this defect may perhaps be cured by proof of explanatory circumstances upon another trial, it is proper to notice some additional points in the record for the guidance of the lower court in the subsequent progress of the case.

The objection that the publication of the delinquent list was ineffectual, because the dollars and cents were not indicated by the figures purporting to state the amount charged against the property, there being a note at the foot of the list fully explaining the figures, is answered by the decision in ·*Carter* v. *Osborn,* 150 Cal. 620, [89 Pac. 608]. The objection that the deed from the tax-collector to the defendant is void because it shows that the sale to the defendant by the state was made to the highest bidder and was for a sum largely in excess of the amount for which it was sold to the state, is answered by the case of *Fox* v. *Wright, ante,* p. 60, [91 Pac. 1005].

The statement in the assessment book that it was the book of assessments for the year 1898 was a proper designation

of the year. There was but one assessment for that year, namely, the assessment of property that was subject to taxation on the first Monday of March, 1898, and the designation made it certain that this was the assessment referred to. The fact that the fiscal year begins July 1st and includes the last half of one calendar year and the first half of the succeeding year, has no bearing upon the question.

It was not necessary, in the delinquent list, to state separately the items of taxes, penalties and costs charged against the property. A statement of the total amount is all the law requires (*Bank of Lemoore* v. *Fulgham,* 151 Cal. 234, [90 Pac. 936].) Nor is the certificate of sale to the state rendered invalid by the fact that it recited that the amount for which it was sold, being the same as the amount charged, was for "taxes of every kind charged against said property and penalties, costs and *charges.*" The addition of the word "charges" added nothing to the amount, nor did it change the items composing it.

The deed made by the tax-collector was a sufficient divestiture of the title of the state. A patent signed by the governor is not necessary. (*Bank of Lemoore* v. *Fulgham,* 151 Cal. 234, [90 Pac. 936].)

A number of objections are made to the sufficiency of the deed executed by the tax-collector, for the state, to the defendant, on the theory that the requirements of the statute as to the deed made *to the state,* under sections 3785 and 3786 of the Political Code, are equally applicable to deeds made *by the state* in accordance with the provisions of sections 3897 and 3898 of the Political Code. Manifestly the provisions of sections 3785, 3786 and 3787 have no direct application. The sufficiency of the deed by the tax-collector to a purchaser at a sale made after the title has become vested in the state is to be determined by the requirements of the sections 3897 and 3898, and it is only necessary that it shall recite so much of the proceedings subsequent to the execution of the deed by the tax-collector *to the state,* as may be necessary to show that the tax-collector was authorized, as agent for the state, to sell and convey the state's previously acquired right to the property. (*County Bank* v. *Jack,* 148 Cal. 442, [113 Am. St. Rep. 285, 83 Pac. 705].) Whether or not the state had previously acquired the right to sell, is, of course, to be deter-

mined by the proceedings prior to the delivery of the deed of the tax-collector to the state in pursuance of the original tax sale.

At the time the sale to the defendant was made, February 11, 1905, section 3897 of the Political Code (Stats. 1897, p. 436,) did not require that the notice of sale given by the tax-collector, in pursuance of the order of the state controller, should state the name of the person owing the delinquent tax that may be against the property, or a statement of the taxes, costs, penalties and expenses accrued to that date. Hence, the omission of such matters is immaterial.

The statute in force at the time required that the notice should be published "for at least three successive weeks in some newspaper published in the county." The notice was published on one day in each of four successive weeks, in a newspaper of the county which was published daily during that period, the days of such publication being exactly one week apart, but the notice was not inserted except for the one day in each of said weeks. This was a sufficient compliance with the statute. (*People v. Reclamation Dist.*, 121 Cal. 524, [50 Pac. 1068, 53 Pac. 1085].)

The question of the power of the state to provide that the sale of its title after the expiration of the redemption period of five years shall be made for the highest price offered, regardless of the amount that may have accrued against the property for taxes, penalties, interest and costs, was fully considered in the case of *Fox* v. *Wright, ante,* p. 60, [91 Pac. 1005], and it was there held that the state had such power.

There are no other questions requiring notice.

The judgment and order are reversed.

Angellotti, J., and Sloss, J., concurred.