[L. A. No. 2091. In Bank.—December 21, 1908.]

## JOHN H. F. PECK, Respondent, v. EDWIN R. FOX, Appellant.

TAX CERTIFICATES OF SALE AND DEEDS—CURATIVE ACT OF FEBRUARY 28, 1903—RETROACTIVE EFFECT OF.—The act of February 28, 1903, as to certificates of tax-sales and tax-deeds executed to the state for property sold and deeded thereto for non-payment of taxes, operated retroactively, and confirmed, validated, and legalized all tax-sales and tax-deeds made to the state which would have been otherwise invalid for failure to recite, among other things, when the right of redemption would expire, or whether it had expired. Under the curative act such a deed to the state was validated and legalized as of the date when it was executed by the tax-collector.

ID.—DEED FROM STATE TO PURCHASER PRIOR TO CURATIVE ACT.—The confirmed and legalized title acquired by the state by reason of the validating act, as of the date of the deed to it by the tax-collector, inures to the benefit of a purchaser from the state taking his conveyance prior to the passage of the act.

APPEAL from an order of the Superior Court of Los Angeles County refusing a new trial. G. A. Gibbs, Judge.

The facts are stated in the opinion of the court.

L. M. Fall, and E. R. Fox, *in pro. per.*, for Appellant.

O. B. Carter, for Respondent.

LORIGAN, J.—This is an action to quiet title to a lot in San Pedro, Los Angeles County. Plaintiff obtained judgment, and from an order denying his motion for a new trial defendant appeals.

Upon the trial it was stipulated that the title of defendant was based upon a sale of the lot made to the state of California on July 3, 1895, for delinquent state and county taxes of the year ·1894; on two deeds made by the tax-collector of Los Angeles County to the state in pursuance of said sale, one undated, but recorded on July 16, 1900, and the other executed on December 12, 1902, and which was made to correct the first deed to the state under said sale of July 3, 1895; on a deed from the county tax-collector on behalf of the state of California to defendant made on March 1, 1902, and a second correction deed to the state by the tax-collector of Los Angeles County, dated December 31, 1903, but not recorded. It was further stipulated that the title to the property was in plaintiff, unless by virtue of the tax-sale and said deeds to the state and the deed from the state to him, title was established in the defendant.

The various tax-deeds referred to in the stipulation were introduced in evidence and the court declared the deeds to the state to be invalid, and hence the deed to defendant from the state based thereon also void.

The decision of the court was doubtless based upon the failure of the tax-collector in the original deed to the state to recite therein, as required by the provisions of section 3771 of the Political Code, as amended March 28, 1895 (Stats. 1895, p. 327), the time when the right of the owner of the land to redeem from the sale had expired, the court holding that for this failure said original deed to the state was void, and hence the state had no title to the property when, on March 1, 1902, it conveyed it to the defendant.

When this action was tried in the superior court, the case of *Baird* v. *Monroe,* 150 Cal. 561, [89 Pac. 352], had not been decided by this court. That action involved the effect to be given to the validating act of February 28, 1903, as to certificates of tax-sales and tax-deeds executed to the state for property sold and deeded thereto, for non-payment of taxes (Stats. 1903, p. 63). The act in terms confirmed, validated, and legalized all tax-sales and tax-deeds made to the state which would have been otherwise invalid for failure to recite, among other things, when the right of redemption would expire, or whether it had expired, and it was held that the act operated retroactively. The effect of this construction of the act was, as

applied to the present case, to render the original deed to the state by the tax-collector, made prior to the sale by the state to the defendant, as valid and legal as if all matters concerning redemption had been stated therein as required by section 3771 of the Political Code as amended. Under this curative act, and its retrospective effect, the deed to the state was validated and legalized as of the date when it was executed by the tax-collector. So that, while prior to the curative act, such deeds, for failing to make the required recitals, were void, under the curative act they were rendered legal and valid as of the date of their execution by the tax-collector.

It is insisted, however, by respondent, that the fact that the validating act operates retroactively cannot aid in sustaining the deed by the state to the defendant, because that deed was made by the state to him before the validating act went into effect. In other words, he insists that as the deed to defendant by the state was made on March 1, 1902, when it had no title, and before the passage of the validating act, such deed by it was inoperative to vest any title to the lot in defendant, and any subsequent or additional title which the state acquired by virtue of the validating act could not inure to the benefit of the title of defendant.

*Baird* v. *Monroe* did not involve this point, as in that case it was admitted that one of the defendants had regularly succeeded to the title, if the tax proceeding there involved could be sustained. But the contention of respondent has been in principle decided against him in the subsequent case of *Fox* v. *Townsend,* 152 Cal. 51, 55, [91 Pac. 1004, 1007]. There the point was that certain correction deeds made to the state by the tax-collector, after the state had parted with title to the land, could not aid the title of the purchaser from it. In answer to this claim, it was there said: "Nor do we perceive any force in the objections that the correction deeds to the state were made after the state had parted with the title. No reason is discernible why the state, like a private individual, may not obtain a proper correction deed for the betterment of the title to property which it has conveyed, and if this be done after conveyance, why, as in the case of an individual, it should not serve to perfect the title granted."

In principle there can be no difference in the effect of the validating act as far as feeding and perfecting the title of a

purchaser from the state before its passage, and a correction deed to the state subsequently made, which it is held has that effect. They both operate to do so.

It was held in *Baird* v. *Monroe* that at the expiration of the five years from the date of the sale to the state, the state was entitled to a deed; it was then equitably the owner of the property. If, therefore, the deed from the tax-collector, which the law requires shall be made by him to the state, is ineffectual to convey to it the legal title by reason of the admission of certain necessary recitals, its equitable title still exists, and when a validating act has confirmed and legalized the original deed to the state, the title so acquired inures to the benefit of a purchaser from the state taking his conveyance prior to the passage of the act.

In the case of *Schamblin* v. *Means,* 6 Cal. App. 261, 265, [91 Pac. 1020, 1022], this precise question was involved, and following the doctrine as laid down in *Fox* v. *Townsend,* 152 Cal. 51, 55, [91 Pac. 1004, 1007], it was said: "The state, at the end of the five-year period of redemption, acquired an equitable title to the property by a deed which was subsequently confirmed and made valid. There was no right or property taken away from the appellant or his predecessor in title, as the absolute right of redemption expired at the end of the five-year period. Taking the view, however, that the curative act operated to make good only the title to the state as of the date of its passage, such additionally acquired title went to feed and validate the title of defendant."

This conclusion renders it unnecessary to pass upon the validity of the correction deeds to the state made subsequent to the sale of the lot by the state to defendant. The validating act operated to vest title to the property in the state as of the date when the originally defective deed to it was made, and as the title inured to the benefit of defendant under his conveyance from the state, any consideration of the correction deeds becomes unimportant. The curative act validated the original defective conveyance to the state, vested in it the title to the lot in question as of the date of the original deed by the tax-collector to it, and the title so validated inured to the benefit of defendant independent of any correction deeds.

In this view, the conclusion reached by the trial court against the validity of the title of defendant, asserted under

the deed by the state to him of March 1, 1902, was erroneous, and the order denying the motion for a new trial is reversed and the cause remanded.

Shaw, J., Angellotti, J., Sloss, J., Melvin, J., and Henshaw, J., concurred.