[L. A. No. 2635. In Bank.—March 25, 1912.]

W. C. FURREY, Respondent, v. HENRY P. LAUTZ, as Administrator with the Will Annexed of the Estate of Mary Elizabeth Crocker, Deceased, Appellant.

TAXATION—SALE BY STATE OF LAND ACQUIRED FOR DELINQUENT TAXES—SALE OF ENTIRE LAND—RETENTION OF PROCEEDS OF SALE IN EXCESS OF DELINQUENCY.—Neither the provision of the revenue law authorizing the state to sell as a whole a tract or parcel of land acquired by it for delinquent taxes, nor that authorizing the retention of the surplus proceeds of sale where the amount received is in excess of that which the state could exact before sale upon redemption of the property, renders the law obnoxious to the provisions of either the state or federal constitution.

ID.—DESCRIPTION IN TAX-DEED—TOWN LOTS—DESCRIPTION BY NUMBER OF LOT AND BLOCK—PRIMA FACIE SUFFICIENCY.—A description of

land in a tax-deed as property "situate, lying and being within the county of Los Angeles, state of California, and described thus: In Los Angeles County, Glendale, lot 22, blk. 4," is in apparent accord with the requirements of subdivision 3 of section 3650 of the Political Code, that city or town lots shall be described on the assessment-roll by the number of the lot and block, according to the system of numbering in such city or town. Such description implies that there was in such town a general system of numbering the blocks and lots of the town, and that it was according to such system. The description will be held *prima facie* sufficient for identification, at least when accompanied by the evidence of a witness who testified to the value and size of the lot described.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Robert M. Clark, Judge presiding.

The facts are stated in the opinion of the court.

Charles Lautz, and W. J. Wood, for Appellant.

Bernard Potter, for Respondent.

ANGELLOTTI, J.—This is an appeal by the defendant from a judgment in favor of plaintiff, and from an order denying his motion for a new trial, in an action brought by plaintiff to quiet his alleged title to lots 23 and 24 in block 4 of the town of Glendale, Los Angeles County, California.

Plaintiff claimed under certain deeds to him from the state of California based on sales made by the tax-collector of Los Angeles County under authorization from the state controller, the property having been theretofore sold to the state for non-payment of the state and county taxes for the year 1900, and no redemption thereof having been effected within five years thereafter, deeds therefor having theretofore been executed to the state. If these deeds from the state were effectual to convey the title to plaintiff Furrey, the purchaser, he was at the time of the institution of this action the absolute owner of the property here involved.

But two points are made for reversal.

The first point is based on the fact that each lot was offered for sale and sold by the state as a whole for a sum largely in excess of the delinquent tax and costs, etc., due thereon. It is not claimed that this course was not in strict accord with the

law relating to sales *by* the state of property that it has acquired on account of the non-payment of taxes, etc. (See Pol. Code, sec. 3897.) The claim is that inasmuch as a portion of each lot could have been sold for an amount sufficient to pay all taxes, costs, charges, etc., due thereon, and as the law makes no provision for the payment of the excess received by the state to the former owner of the property, the statute relative to such sales by the state is unconstitutional. Of this point, the district court of appeal of the second district said: "This identical question was presented to the court in the case of *Fox* v. *Wright,* 152 Cal. 59, [91 Pac. 1005], where the subject is fully discussed, and it was there held that neither the provision of law authorizing the state to sell as a whole a tract or parcel of land acquired by it under tax proceedings, nor that authorizing the retention of the surplus proceeds of sale where the amount received is in excess of that which the state could exact before sale upon redemption of the property, renders the law obnoxious to the provisions of either state or federal constitution. Upon the authority of that case, approved in *Chapman* v. *Zobelein,* 152 Cal. 216, [92 Pac. 188], we must hold appellant's contention in this regard without merit." This was a correct disposition of the matter, and we adopt the language of the district court of appeal as a part of this opinion.

It is further claimed that the description contained in each of the deeds to the state and in each of the deeds from the state was insufficient to identify the property. The description in the deeds to the state was, as to one of the lots, property "situate, lying and being within the county of Los Angeles, state of California, and described thus: In Los Angeles County, Glendale, lot 22, blk. 4," and as to the other the same, except the number of the lot, which was given as "24." The description in the deed from the state to plaintiff, was as to one of the lots, the property "situate, lying and being in the county of Los Angeles, state of California, and described as follows, to-wit: Glendale lot twenty-two (22), block four (4)," and as to the other the same, except the number of the lot, which was given as "twenty-four (24)." Testimony introduced by defendant showed that "Glendale" was the name of the town in Los Angeles County in which the property was situated. Witness B. L. Bates for defendant, testified: "I am acquainted

with the values of real estate in the town of Glendale, and of the values of lots 22 and 24 in block 4 of said town of Glendale; . . .; said lots have each a frontage of 50 feet by depth of 150 feet." The description thus appears to have been in accord with the requirements of the Political Code as to the description to be given on the assessment-roll, subdivision 3 of 3650 being as follows: "City and town lots, naming the city or town, and the number of the lot and block, according to the system of numbering in such city or town." The description implies that there was in such town a general system of numbering the blocks and lots *of the town,* and that the description given was according to such system. We think it should be held to be *prima facie* sufficient, at least in the presence of such testimony as we have quoted above, tending to show that the description was such as to leave no question as to the identity of the land referred to. The effect of the description and the evidence quoted, fairly construed, is that there was but one block four in the town of Glendale, and but one lot twenty-two in block four and but one lot twenty-four in block four in said town, and that such facts were well known. This renders the description *prima facie* sufficient. (*Best* v. *Wohlford,* 144 Cal. 733, 740, [78 Pac. 293].) There is a clear distinction between this case, and such cases as *Miller* v. *Williams,* 135 Cal. 135, [67 Pac. 788]; *Fox* v. *Townsend,* 152 Cal. 51, [91 Pac. 1004, 1007], and *Chapman* v. *Zobelein,* 152 Cal. 216, [92 Pac. 188]. In all of these cases the description was by mere number of lot and block in a specified tract or portion of the city, the name only of such tract or portion being given without any reference to any map, and there was absolutely no evidence to supplement the description. So far as the record shows, no question was raised in the court below as to the sufficiency of the description to properly identify the land, the objection to the deeds having been most general in its nature, viz., that the same are "incompetent, irrelevant and immaterial."

The judgment and order denying a new trial are affirmed.

Lorigan, J., Shaw, J., Henshaw, J., and Melvin, J., concurred.