[L. A. No. 2866.   Department One.—May 18, 1912.]

## JAMES FITZIMONS, Appellant, v. A. C. ATHERTON et al., Respondents.

ADVERSE POSSESSION—NON-PAYMENT OF TAXES.—A claim of title to land by adverse possession cannot be established in the absence of evidence that the adverse claimant had paid taxes on any part of the land.

ID.—DESCRIPTION OF LAND IN TAX DEED BY REFERENCE TO BLOCK—EVIDENCE OF LOCATION—CERTAINTY OF DESCRIPTION.—A description of property in a tax-deed as "Lying and being in the county of Kern, state of California and described as follows, to wit: E. ½ of block 2, Kelly's Addition to Delano," may be explained and rendered certain by the introduction in evidence of the recorded map of Kelly's addition to Delano, accompanied by proof of the location of the block on the ground and that it was marked by stakes set at each corner, and that there was no other recorded map of the addition.

ID.—BOUNDARY LINE ESTABLISHED BY ACQUIESCENCE OR CLAIM OF TITLE—OCCUPANCY AND CLAIM OF TITLE.—Mere evidence of occupancy and claim of title to land to a particular line by one of two adjoining owners is not sufficient to establish such line as the boundary by acquiescence or estoppel.

APPEAL from a judgment of the Superior Court of Kern County and from an order refusing a new trial. Paul W. Bennett, Judge.

The facts are stated in the opinion of the court.

Thomas Scott, and J. R. Dorsey, for Appellant.

Charles N. Sears, for Respondents.

SHAW, J.—This is an action to quiet title to a tract of land containing 4.44 acres, constituting a part of lot 2 of Kelley's Addition to the town of Delano, in Kern County. The tract embraces part of the east half and part of the west half of the lot, which, according to the plat and survey thereof, contains ten acres. The defendants answered, admitting the ownership of the west half of lot 2 by the plaintiff, denying his ownership of any part of the east half thereof, and also alleging that defendant A. C. Atherton is the owner of said east half of the lot, and that he makes no claim to any other part thereof. The findings are in favor of the defendant on all these issues. Judgment was given declaring that A. C. Atherton is the owner and is in possession of the east half of the lot and quieting his title thereto. The plaintiff appeals from the judgment and from an order denying his motion for a new trial.

There is no adjudication respecting the alleged claims of defendants to the portion of the 4.44 acres described in the complaint lying within the west half of the lot. We mention this in explanation merely. The evidence shows that they never made such claim, their pleadings do not make the claim, the failure to adjudicate all the issues is not complained of, and, under the circumstances, the plaintiff does not appear to be substantially prejudiced by the omission of a formal judgment in his favor as to that part of the premises.

The proof on the part of the plaintiff showed title of record to the west half only. There was evidence of long continued adverse possession of the other part of the tract in dispute, but there was no evidence that plaintiff had paid taxes on any part of the lot except the west half. Therefore his claim of title to a part of the east half by adverse possession was not established.

The defendant A. C. Atherton, in support of his claim of title to the east half, introduced a deed by the tax-collector, on behalf of the state, conveying said half to the plaintiff. The conveyance purported to be made in pursuance of a sale to the state in July, 1895, for non-payment of taxes, a subsequent deed thereof to the state, and a subsequent sale by the state to Atherton, all in accordance with the law. The deed to Atherton described the property as "Lying and being in the county of Kern, state of California and described as follows, to wit: E ½ of block 2, Kelly's Addition to Delano." Objection was made that the deed was void because of uncertainty in the description. Thereupon the recorded map of Kelly's addition to Delano was introduced in evidence, proof was made of the location of the block on the ground and that it was marked by stakes set at each corner, and that there was no other recorded map of said addition. We perceive no error in this and it was sufficient to explain and make certain the description given in the deed. (*Best* v. *Wohlford,* 144 Cal. 737, [78 Pac. 293] ; *Baird* v. *Monroe,* 150 Cal. 569, [89 Pac. 352] ; *Fox* v. *Townsend,* 152 Cal. 53, [91 Pac. 1004, 1007] ; *Chapman* v. *Zobelein,* 152 Cal. 218, [92 Pac. 188].) No other objection is here made to the validity of the deed.

It is argued on behalf of the plaintiff that the evidence shows that the boundary line between the east half and the west half of the lot was fixed by acquiescence and occupancy so as to include within the west half the land to which he claims title. There is no merit in the claim. There was evidence of occupancy and claim of title by plaintiff, but there was no evidence to show that the owner of the east half ever agreed to the line claimed, or was aware of the occupancy, or that the location of the division line was ever a matter of dispute or agreement between them. Apparently the owner of the east half was absent and had left it vacant, and uninclosed. At least there was nothing to the contrary. Such evidence is not sufficient to establish a boundary by acquiescence or estoppel. So far as it shows adverse possession, it is, as stated, ineffectual because the taxes were not paid by the claimant. There are no other points worthy of notice.

The judgment and order are affirmed.

Angellotti, J., and Sloss, J., concurred.