[Civ. No. 6307. First Appellate District, Division Two.—February 13, 1929.]

GEORGE T. MORTON, Administrator, etc., Appellant, v. VILLARD W. SLOAN, Respondent.

Philip C. Boardman for Appellant.

Dahlin & Jackson and Jackson & Peterson for Respondent.

Bacigalupi, Elkus & Salinger, *Amici Curiae.*

NOURSE, J.—Plaintiff sued to quiet title to certain real property situated in the city and county of San Francisco. Defendant answered, setting up his own title through a tax deed. Judgment went for defendant quieting his title and the plaintiff has appealed on a typewritten transcript.

█ Plaintiff claimed ownership to the property as heir to the estate of his father, who died June 8, 1912. Defendant claimed under a tax deed executed July 14, 1920, wherein the property was conveyed to him by the tax collector for nonpayment of taxes for the year 1914. This claim of defendant was resisted on the ground that the tax levy was invalid because the property assessed and sold was inadequately described, and because the recitals in the deed were insufficient.

The description contained in the delinquent tax list published June 11, 1915, was "Block 6295, Bd. by Spreckels and Gundlach Sts. Visitacion Ave. and lands in acres. Patrick C. Morton, lots Nos. 1 to 14 incl.— $50.72." It is argued that the description is insufficient because it contains no reference to any map and *Miller* v. *Williams*, 135 Cal. 183 [67 Pac. 788], and *Fox* v. *Townsend*, 152 Cal. 51, 56 [91 Pac. 1004, 1007], are cited in support of the contention. There is no quarrel with the rule of the cases cited. They merely hold that such descriptions are *prima facie* insufficient, but both cases recognize the rule that these descriptions can be made sufficient by other evidence. The latter rule we had occasion to consider in *Green* v. *Palmer*, 68 Cal. App. 393 [229 Pac. 876], where we held that where the description used in the assessment was merely indefinite and could be readily ascertained by reference to the assessor's block book, evidence was admissible on the trial to show the true description and that, when this was done, it became sufficient to answer all the requirements of the law. In that case we relied upon *Campbell* v. *Shafer*, 162 Cal. 206, 212 [121 Pac. 737], *Furrey* v. *Lautz*, 162 Cal. 397, 400 [122 Pac. 1073], and *Fitzimons* v. *Atherton*, 162 Cal. 630, 632 [124 Pac. 250]. A petition for a transfer to the supreme court was filed in the Green case and denied, and we again had the same question before us in *Jacoby* v. *Wolff*, 198 Cal. 667 [247 Pac. 195]. As we adhered to the same views expressed in the Green case, counsel applied for a transfer to the supreme court, which was granted. Upon a rehearing and reconsideration of that case, the supreme court adopted the opinion of Mr. Justice Sturtevant on that branch of the case and therefore the question should now be deemed settled. But in passing we should quote again the very clear statement of the basis of the rule by Mr.

Cooley in his work on Taxation, which was quoted with approval in the Green and Jacoby cases: "The designation of the land will be sufficient if it affords the owner a means of identification and does not positively mislead him or is not calculated to mislead him."

Here the evidence is that a large map, three feet ten and one-half inches by four feet nine and three-fourths inches in size, was prepared under the direction of an ordinance of the board of supervisors of November 29, 1913; that copies of this map were deposited in the offices of the assessor, tax collector, auditor, and recorder; that the map was pasted on the wall in the recorder's office in plain view for ready reference; that on this map all streets and blocks were delineated, each block being given a separate number, but the map did not show the lots into which the blocks were subdivided; that this map was used by all the public offices of the city and county as the official assessment map, but was treated more as an index to the official block books, of which there were twenty-eight volumes and which were prepared under the direction of the same ordinance; that these block books were bound volumes of single page maps which showed in detail the subdivisions by lot number and by metes and bounds and the respective owners of each of the various blocks of land delineated upon the map in question. Evidence was also offered that there was but one block numbered 6295.

From this evidence it is apparent that the description used in the assessment was not false or misleading, and that, if there had been any uncertainty in the description, it could have been cleared readily by reference to the proper block book in the assessor's office. The evidence brings the case squarely within the rule of *Lummer* v. *Unruh*, 25 Cal. App. 97, 104 [142 Pac. 914], and *Fitzimons* v. *Atherton*, 162 Cal. 630, 632 [124 Pac. 250], which were followed in the Green and Jacoby cases above referred to.

■ Having determined that the description in the delinquent list was sufficient in view of the ordinance, the reference in the *addenda* to the delinquent list to the assessment map as being "on file" in various offices was mere surplusage, and cannot affect the description. (*Green* v. *Palmer, supra.*) But appellant argues that, as this reference was carried into the notice of tax sale and into the tax deed,

the failure to formally file or record the map invalidated the sale. The point is that the map was merely deposited in these various offices and did not bear an official stamp of filing or recording. But the rule as to the sufficiency of the description in the notice of delinquent sale is the same as that in reference to the original delinquent list and thus the reference to the map in that notice is surplusage and not misleading. ■ As to the tax deed, the point becomes unimportant because the lands were described by metes and bounds in addition to the description by lot and block number as appearing on this assessment map. Thus, so far as concerns the tax deed, all reference to the assessment map might be omitted, and the deed would still contain a sufficient description. Surplusage of this character which does not mislead or confuse cannot affect the validity of the deed. (*Cadwalader* v. *Nash,* 73 Cal. 43, 45 [14 Pac. 385].)

■ We have said that the reference to the map was surplusage and have assumed the correctness of appellant's position that it was not properly filed because not indorsed or certified by the proper officer. But in this respect appellant's position is not sound. "A paper is filed when delivered to the proper officer; and indorsing it with the time of filing is not a part of the filing." (*Smith* v. *Biscailuz,* 83 Cal. 344, 358 [21 Pac. 15, 18].) To the same effect, *Edwards* v. *Grand,* 121 Cal. 254, 256 [53 Pac. 796]. The map in question was deposited in the various public offices mentioned and was used and treated as a part of their records. This index map, taken with the series of block books which showed the subdivisions of the various blocks marked on the map, was the basis for the assessment of all lands in the city and county. The map was sufficiently identified in the tax proceedings as the one on file in the various public offices. ■ The law does not require the recordation of a map before it can be used in tax proceedings. ■ The identity of the map being conceded, the reference to it in the *addenda,* though unnecessary, did make it a part of the taxing system of the city and county and the description of the property in suit by lot and block number was all that was required by section 3650, subdivision 2, of the Political Code, which authorizes the description of city and town lots by "naming the city or town, and the number

of the lot and block, according to the system of numbering in such city or town.''

It is argued that the tax deed is void because it recites that the sale was made June 24, 1920, and that all taxes levied and assessed against the property prior to the year *1919* had been paid, whereas it should have recited that all taxes levied and assessed prior to the sale had been paid. The insertion of the figures ''1919'' in the tax was obviously a clerical error which has been corrected by a new deed executed August 2, 1928. This deed is now offered in evidence under the provisions of section 956a of the Code of Civil Procedure. This offer is objected to on the ground that it would deprive appellant of his defense to such deed. The taxation statutes do not require the tax deed to contain the recital that all taxes levied and assessed to the date of purchase have been paid; in the form prescribed in section 3785b of the Political Code, this date is left blank. These statutes do require that all such taxes must be paid. But the fact of payment is not disputed and the corrected deed merely recites what is admitted to be true. The authority of the tax collector to execute a corrected deed to conform to the facts has been recognized by the decisions. (*Fox* v. *Townsend,* 152 Cal. 51, 54 [91 Pac. 1004, 1007]; *Webster* v. *Somer,* 159 Cal. 459, 462 [114 Pac. 575].) The principle of the cited cases is that the law requires the tax collector to make a deed in which the recitals conform to the facts, and that, if he has made an irregular or imperfect deed, he may be compelled by *mandamus* to correct it.

The only defenses to the corrected deed suggested by appellant are that it assumes the invalidity of the first deed, that it contains recitals contrary to the record, and that any rights under it are barred by the statute of limitations. The new deed merely assumed that the first deed was irregular because it failed to contain a true recital of the facts. If the tax collector assumed that the first deed was invalid, his view would not be binding upon the courts. The second objection is based upon the claim that the descriptions of the property in the assessment proceedings were insufficient—a point which we have determined adversely to the appellant. We cannot perceive how the question of the statute of limitations arises. If the respondent were seeking by *mandamus* to compel the tax collector to execute a new deed, the ques-

tion of the limitation of time might arise, but, with the act performed, respondent's delay in requesting it is of no concern to the appellant. The new deed should therefore be received in evidence. New findings are not necessary, as those signed fully cover the issues.

The judgment is affirmed.

Sturtevant, J., and Koford, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 15, 1929, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 11, 1929.

All the Justices concurred.